IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN ARCHULETA, | ) |
| Petitioner, | ) |
| v. | ) Case No. 13-3339-CV-H-DW |
| LINDA SANDERS, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now pending before the Court is a petition for writ of habeas corpus, filed on September 3, 2013, by Benjamin Archuleta, then an inmate at the United States Medical Center for Federal Prisoners (USMCFP) in Springfield, Missouri (Doc. 1). The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because the petitioner's claims are without merit, it will be recommended that he be denied leave to proceed *in forma pauperis,* and the petition be **DISMISSED without prejudice**.

### BACKGROUND

The petition and additional *pro se* filings indicate that Archuleta seeks acquittal of criminal charges in New Mexico (Docs. 4, 5, 7, and 9). On December 23, 2013, Archuleta filed a notice of change of address to Estancia, New Mexico (Doc. 10). Subsequent *pro se* motions seek transfer of the instant habeas petition to the District of New Mexico (Docs. 11, 17, and 18).

### LEGAL STANDARDS

An inmate in federal custody may challenge the constitutionality of a federal conviction or sentence only by filing a motion to vacate, set aside or correct the sentence pursuant to 28

U.S.C. § 2255, in the sentencing court. The court where the inmate is incarcerated lacks jurisdiction to hear collateral challenges raised in a petition for writ of habeas corpus brought under 28 U.S.C. § 2241, *see Winston v. Mustain*, 562 F.2d 565, 567 (8th Cir. 1977), unless the petitioner can show that section 2255 is inadequate or ineffective to test the legality of his detention, *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). The petitioner bears the burden of demonstrating that inadequacy or ineffectiveness. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).

The petitioner has not met his burden to show that section 2255 is inadequate or ineffective to challenge his guilty plea and sentence. The petitioner provides no indication whether he already filed a motion under section 2255 in the sentencing court, whether he is procedurally barred from filing such a motion, or whether such a motion is otherwise inadequate or ineffective to test the legality of his detention. Absent such a showing, this Court lacks jurisdiction to hear his claims for relief in the pending section 2241 petition. The undersigned therefore recommends that the petition for writ of habeas corpus be **DISMISSED** for lack of jurisdiction.

Similarly, the Court is limited in its jurisdiction to transfer Archuleta's claims to the District of New Mexico. The undersigned therefore recommends that all *pro se* motions pending before the Court be **DENIED**.

## CONCLUSION

Therefore, based on all the foregoing,

**IT IS HEREBY RECOMMENDED** that the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER RECOMMENDED** that the pending motions for miscellaneous relief or transfer of the claims to the District of New Mexico (Docs. 4, 5, 7, 9, 11, 17, and 18) be **DENIED**.

**DATED:  September 11, 2014**

       /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**